UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROGER R. GAU**, | ) | Case No. 4:09 CV 2955 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **BERNIE KELLY, WARDEN,** | ) | (Resolving  ECF #1) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Roger R. Gau is a state prisoner serving multiple concurrent life sentences for rape of his minor  daughter.  He seeks to overturn his convictions and sentences  utilizing the Federal habeas corpus under 28 U.S. C. §2254, claiming denial of his Federal Constitutional rights.  On November 7, 2005, petitioner was sentenced in the Common Pleas Court of Ashtabula County, Ohio to life imprisonment on five convictions of rape of his minor daughter and three years each on an additional two counts of rape to run concurrently. See *State v Gau,* 2006 WL 3547368, at ¶3, 2006-Ohio-6531 (Ohio App. 11 Dist.). Appellate counsel delayed notice to Gau of the unsuccessful appellate result, and Gau's uncounseled motion for delayed direct appeal to the Ohio Supreme Court was denied. *State v. Gau*, 113 Ohio St.3d 1487, 865 N.E.2d 912, 2007-Ohio-1986 (Table 2007).  Gau also petitioned for state post-conviction relief pursuant to Ohio Rev. Code §2921.53 (Answer, Respondent's Ex.21). The post-conviction petition was dismissed as *res judicata* both by the state trial court and on appeal. (Answer, Respondent's Ex. 23, and see *State v. Gau*, 2008 WL 5428274, 2008-Ohio-6988 (Ohio App. 11 Dist.). The Ohio Supreme Court denied the motion for leave to appeal. *State v. Gau*, 121 Ohio St.3d 1454, 904 N.E.2d 903,

2

2009-Ohio-1820 (Table 2009).

Gau has also applied for reopening of his appeal under Ohio R. App. P. 26(B) for claims of ineffective assistance of appellate counsel, but failed to appeal its denial. More recently he has been engaged in filing motions for new trial. The motion filed on September 23, 2009, was denied and Gau failed to appeal. He filed again on February 3, 2010 and this motion was again denied and this denial is currently on appeal. (Answer, Respondent's Ex. 39-42, ECF # 12-5).

The recurring theme in Gau's arguments in the state courts and in this habeas corpus petition is the claim of double jeopardy due to mistrial. Gau's seven convictions were the result of the second indictment against Gau for rape of his daughter. Initially on March 6, 2003, Gau was charged on 21 counts of rape of his daughter to which Gau pleaded not guilty and the matter was tried in state court. "On May 5, 2004 the trial court dismissed the jury after the jury informed the court that is was unable to reach a verdict." *Gau*, 2006 WL 33547368, at ¶2. Gau insists that double jeopardy bars retrial.

**Analysis of the Eight Grounds Presented for Habeas Corpus Review:**

*Standards of Review:*

The standards for habeas corpus review bear mentioning although procedural default bars review of many of the issues raised by Gau. In habeas corpus review generally the district court is required to look to the last reasoned state court decision addressing the argument.  See *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991). Generally, this

3

review is conducted under Congressionally circumscribed rules set out in §2254(d)(1) which allow the writ to be granted in situations where the state court decision is "contrary to" or "an unreasonable application" of "clearly established" Federal law as set forth by the Supreme Court of the United States. See 28 U.S.C. §2254(d)(1). [1] A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Thaler v. Haynes,* -U.S.-, 130 S.Ct. 1171, 1174 (2010)(quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); and see *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). An "unreasonable application" of clearly established law occurs when the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case. See *Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008)(citing *Williams v. Taylor*, 529 U.S. 362, 407, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Then there is *de novo* review without the constraints imposed under 28 U.S.C. §2254(d)(1) and (2). See *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003); *Howard v. Bouchard,* 405 F.3d 459, 467 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1032 (2006); *Cristini v. McKee,* 526 F.3d 888, 897 (6th Cir. 2008) and see *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527, 2542, 156 L.Ed.2d 471 (2003). *De novo* review applies when the state court decision fails

---

[1] 28 U.S.C. §2254(d)(2) governs resolution of factual disputes where petitioner must prove that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

4

to address the Federal claim (See *Maples v. Stegall*, 340 F.3d at 436), or when it does so erroneously. See *Magana v. Hofbauer,* 263 F.3d 542, 551 (6th Cir. 2001)(erroneous application of Supreme Court precedents)(citing *Williams*, 529 U.S. at 396-98, 120 S.Ct. 1495 (Stevens, J.) (majority opinion), and *Williams*, at 413-14, 120 S.Ct. 1495 (O'Connor, J.) (concurring opinion). "Under such review, questions of law, including mixed questions of law and fact, are reviewed *de novo*, and questions of fact are reviewed under the clear-error standard." *Montes v. Trombley,* 599 F.3d 490, 494 (6th Cir.2010)(citing *Brown v. Smith*, 551 F.3d 424, 430 (6th Cir.2008); and see *Cone v. Bell*, -U.S.-, 129 S.Ct. 1769, 1784, 173 L.Ed.2d 701 (2009)).

**I. Grounds One and Two and part of Three were Procedurally Defaulted due to Failure to Timely Appeal.**

> **I.** The Defendant was denied Federal and State due process of law under the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he was convicted on evidence that was insufficient as a matter of law to sustain the convictions for the offenses for which he was indicted by the grand jury.
>
> **II.** The Defendant's convictions were against the manifest weight of the evidence.[2]
>
> **III.** The Defendant was denied of his constitutional right to effective assistance of counsel when counsel failed to object to an entire series of leading questions, and when counsel failed to subpoena witness Dr. Stephen Guertin, and when counsel failed to have jurors removed for cause denied the Defendant an impartial jury and counsel failed to request a mistrial when the prosecutor withheld evidence.

---

[2] The warden alternatively argues that this manifest weight is not a cognizable claim. The warden is referred to *Nash v. Eberlin*, 258 Fed. Appx. 761, 764-5 & n. 4 (6th Cir. Dec. 14, 2007), which found that a manifest weight of the evidence claim effectively presented a cognizable sufficiency of the evidence claim to the state courts and further presented a sufficiency of the evidence claim for habeas review "because the law calls for the liberal and active construction of pro se claims for relief." *Id.* This at worst makes the second ground merely redundant with the first.

5

This sufficiency of the evidence contention was raised as Gau's first assignment of error to the state appellate court.  See *State v Gau,* 2006 WL 3547368, at ¶5,  The manifest weight of the evidence claim was presented as the second assignment of error, and his third assignment of error was his grievance over trial counsel's failure to object to the prosecution's leading direct examination questions to his minor daughter. See *State v Gau,* 2006 WL 3547368, at ¶¶ 24-25, 31-32. These claims were found to be without merit by the 11th District Court of Appeals, but Gau failed to timely appeal. His untimely appeal to the Ohio Supreme Court was denied.   Under the state procedural mechanism, the Ohio Supreme Court has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision.  See Ohio S.Ct Prac. R. II §2(A)(1).  The Ohio Supreme Court may, however, in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct. Prac. R. II §2(A)(4)(a).  However, Federal review is barred when the Ohio Supreme Court exercises its discretion to  reject an application for delayed appeal. See *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).

However, Gau may overcome this bar if he " can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley,*  370 F.3d at 497 .  The warden presumes that Gau will claim cause and prejudice to excuse the default due to  appellate counsel's failure to promptly notify him of the state appellate court's decision, as Gau had argued before the Ohio Supreme Court to excuse the delay. The state appellate court's decision was issued December

6

11, 2006. Gau admits in his February 23, 2007 affidavit filed with his application for leave to file that he received a copy of that decision on January 26, 2007. (Answer, Respondent's Ex. 19, Motion for Leave to File Delayed appeal and  Gau aff., ECF #12-3). The warden argues that a lack of prejudice is presumed:

> if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is greater than the period allotted by state law for the timely filing of an appeal-here, forty-five days-the defendant fails to demonstrate that he or she "would have timely appealed" . . .

*Smith v. State of Ohio Dept. of Rehabilitation and Corrections,* 463 F.3d at 435.

The warden maintains that Gau has not overcome the presumption based on a delayed appeal filing date of March 22, 2007. There is some confusion, though because the motion for leave to file delayed appeal,  Exhibit 19, bears two receipt dates, March 8, 2007 and March 22, 2007. (See ECF #12-3, 113/158). The warden relies on the latter date to establish that Gau filed his appeal 55 days after learning about the state appellate court's decision. The warden is correct. Apparently Gau did file the motion on March 8, 2007, but this only half of a delayed appeal. Ohio S.Ct.Prac. R. II §2(A)(4)(a), clearly states that appellant must file "a motion for delayed appeal and a notice of appeal."  Gau did not file his notice of appeal until March 22, 2007. (Answer, Respondent's Ex. 18, ECF # 12-3, 111/158).  Accordingly, this delayed appeal proceeding did not commence until March 22, 2007.

Granted, Gau conducted this procedure on his own, but he cannot blame this lack of counsel since "[t]here can be a constitutional claim of ineffective assistance of counsel only at a stage of the proceedings when there is a right to counsel under the Sixth Amendment." *Smith*,

7

463 F.3d at 433(citing *Coleman v. Thompson*, 501 U.S. 722,752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). There is no Sixth Amendment right to counsel to prosecute a discretionary appeal from a criminal conviction to the Ohio Supreme Court. See *Ross v. Moffitt*, 417 U.S.600, 610, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974); *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *Pennsylvania v. Finley*, 481 U. S. 551, 555, 107 S.Ct.1990, 1993, 95 LE.d2d 539 (1987); *Halbert v. Michigan*, 545 U.S. 605, 609-10, 125 S.Ct. 2582,2586-87, 162 L.Ed.2d 552 (2005). Consequently Federal collateral review of these grounds is barred due to this procedural default.

**II. Alleged Ineffective Assistance of Trial Counsel with Reference to Dr. Stephen Guertin in Ground Three As Well As Ground Seven was Procedurally Defaulted as** *Res Judicata*.

> **VII.** The Appellant's was denied due process of law under the 14th Amendment to the U.S. Constitution because the inadmissibility of Dr. Stephen Guertin's report denied Appellant a fair trial, and established ineffective assistance of trial counsel.

Gau argued in his petition for state post-conviction relief that trial counsel was ineffective for failing to call Dr. Stephen Guertin. The state appellate court found the petition was deficient because no evidentiary materials were attached, but focused its reasoning on procedural default due to *res judicata*, citing *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 104, 39 O.O.2d 189 (1967) (¶¶ 7& 8 of syllabus). **³** See *State v. Gau*, 2008 WL 5428274, at *3. The

---

³   7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 et seq., Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

8. The Supreme Court of Ohio will apply the doctrine of res judicata in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.

8

state appellate court found that Gau had raised a different claim of ineffective assistance of trial counsel in his direct appeal, and the additional instances of alleged misconduct he now sought to raise could have been raised in the direct appeal, hence they were *res judicata*. *Id*.

"Under Ohio law the failure to raise on appeal any claim which appears on the face of the record constitutes a procedural default under the State's doctrine of *res judicata*." *Wong v. Money*, 142 F.3d 313, 321 (6th Cir. 1998); *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006); and see *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d 169 (1982)(counsel's failure to raise claim on direct appeal to state appellate court foreclosed further review); *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996)(reaffirming *Perry*). This doctrine in Ohio is both firmly established and regularly applied and constitutes an adequate and independent state ground barring federal review under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). [4] See *Fautenberry v. Mitchell*, 515 F.3d 614, 633 (6th Cir. 2008);  *Jacobs v. Mohr*, 265 F.3d 407, 417-19 (6th Cir. 2001).

Ineffective assistance may serve as "cause" to excuse a procedural default, but such claim

---

*State v. Perry*  10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105 - 106 (Ohio 1967)

[4] "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must decide whether the state courts actually enforced the state procedural sanction. Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim." The fourth factor, whether the petitioner has established cause for his failure to follow the rule and actual prejudice from the alleged constitutional error, applies when the first three have been established. *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001)(quoting *Maupin* at 138); and see *Beuke v. Houk,* 537 F.3d 618, 630 (6th Cir. 2008).

9

must also have been presented in the state courts as an independent claim, and again is subject to procedural default. See *Edwards v. Carpenter,* 529 U.S. at 452, 120 S.Ct. at 1591(quoting *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986).   If this claim is procedurally defaulted in the state courts, it cannot serve as cause to excuse another procedural default. *Scuba v. Brigano*, 527 F.3d 479, 487 (6th Cir. 2007), *cert. denied*, -U.S.-, 129 S.Ct. 269, 172 L.Ed. 2d 199 (2008)(citing *Edwards v. Carpenter*, 529 U.S. at 453, 120 S.Ct. at 1592); *Franklin v. Anderson*, 434 F. 3d 412, 418 (6th Cir. 2006). Gau procedurally defaulted his claim of ineffective assistance of appellate counsel when he failed to appeal its denial of his Ohio R. App. P. 26(B) application to the Ohio Supreme Court. Consequently, Federal collateral review is barred due to procedural default of this portion of the third ground and the seventh ground

**III. Alleged Ineffective Assistance of Trial Counsel Claim in Ground Three with Reference to Lack of Impartial Jury, and Prosecutorial Misconduct was Procedurally Defaulted for Failing to Appeal and Failing to Appeal Same Claim, Respectively**.

Gau presented his grievance over counsel's failure to remove several juror in his post-conviction petition to the trial court, but took no appeal from this part of the decision. His final claim in the third ground was not presented as a claim of challenging trial counsel's effectiveness but rather presented to the Ohio Supreme Court as a claim of prosecutorial misconduct under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). See *State v. Gau*, 2008 WL 5428274, at *5, and Memorandum in Support of Jurisdiction p.9, Answer, Respondent's Ex. 30, ECF # 12-4 commencing 73/160).

10

*A. Lack of Fair Presentation:*

A fundamental principle in Federal collateral review is that to be "fairly presented" the federal ground must be presented on the same factual and legal bases as presented to the state's highest court. See *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004); *Jacobs. v. Mohr*, 265 F.3d at 415; *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Wong v. Money*, 142 F.3d at 322. Failure to fairly present the federal ground to the Ohio Supreme Court constitutes a procedural bar to federal habeas corpus review, and this bar is both an adequate and independent state procedural rule. See *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied,* 546 U.S.821 (2005); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Fair presentation of an issue requires that a petitioner give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct.1728, 144 L.Ed.2d 1 (1999)."Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001), *cert. denied*, 534 U.S.1147 (2002). As *Lott* illustrates claims raised under the motif of ineffective assistance of counsel are not the same claim when raised in federal court as trial error. See *Lott*, 261 F.3d at 611-12; and see *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005)(claims of prosecutorial misconduct and ineffective assistance of counsel shared same basis and thus were related, but "analytically distinct."). Neither of these claims was fairly presented was an instance of ineffective assistance of trial counsel to the Ohio Supreme Court.

11

B. *No Cause to Excuse Lack of Fair Presentation:*

As explained in the prior ground, ineffective assistance of counsel may serve as cause to excuse a procedural default if it too is not procedurally defaulted. See *Edwards v. Carpenter*, 529 U.S. at 451-52, 120 S.Ct. at 1590-1592. Gau procedurally defaulted his claim of ineffective assistance of appellate counsel when he failed to appeal its denial of his Ohio R. App. P. 26(B) application to the Ohio Supreme Court, so this claim also lacked fair presentation to the Ohio Supreme Court.

**IV.  *De Novo* Review Shows No Prejudice from Alleged Ineffective Assistance of Trial Counsel Due to Conflict of Interest.**

Finally, Gau raises a new claim under his Statement of Facts in relation to his third ground of conflict of interest for failing to inform Gau that he had represented Gau's brother. The warden argues that this is an unexhausted claim that is presently on appeal from the denial of Gau's February 2010 motion for new trial. Nonetheless, 28 U.S.C. § 2254(b)(2) "gives the district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims." *Duncan v. Walker*, 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(Stevens, J., concurring); *Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir.2002).

Gau states in his affidavit that he discovered that his public defender worked for his brother on a case prior to this matter, and concludes that the public defender worked against him and not for him. (Motion for Leave to File Motion for New Trial, Gau aff., Answer, Respondent's Ex. 39, ECF # 12-5). Gau, however, fails to demonstrate that his attorney actively represented conflicting interests since the legal matters were admittedly separated in time.

An actual conflict of interest is required except "where defense counsel is forced to represent co-defendants over his timely objection, unless the trial court has determined there is no conflict." *Holloway v. Arkansas*, 435 U.S. 475, 488, 98 S.Ct. 1173, 55 L.Ed.2d. 426 (1978); *Mickens v. Taylor*, 535 U.S. 162, 168, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). However, Gau's brother was not his co-defendant. In other instances, petitioner "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Whitting v. Burt*, 395 F.3d 602, 618 (6th Cir. 2005). An, "[a]ctual conflict" for Sixth Amendment purposes is a conflict of interest that adversely affects counsel's performance." *Mickens*, 535 U.S. at 172 n. 5. Gau must "point to specific instances in the record to suggest an actual conflict or impairment of [his] interests." *McElarth v. Simpson*, 595 F.3d 624, 631-32 (6th Cir. 2010). Gau's vague argument fails to demonstrate that defense counsel's prior representation influenced counsel's strategic decisions. See *Mickens*, 535 U.S. at 166-67; *Wood v. Georgia*, 450 U.S. 261, 272, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). Consequently, there is no merit to this new claim.


**V. Double Jeopardy Claims following Mistrial- Grounds Four and Six- Meritless under De Novo Review.**

> **IV.** The Defendant was denied Federal and State due process under the Fifth and Sixth Amendments to the United States Constitution and article I, section 10 of the Ohio constitution when there has be a change to a ruling of hung jury to that of a mistrial outside Defendant's and his attorney's presence.
>
> **VI.** The Defendant was denied Federal and State due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution when the trial judge dismissed the first trial jury without finding out if they had reached a verdict then errored(*sic*) by the destroying the verdict forms, because the jury had reached a verdict on Counts 1, 2, 19, 20, and 21. The jury found the Defendant not guilty and when the trial

judge amended the original indictment to seven counts that covered the original twenty-one counts time frame he place (*sic*) the Defendant in Double Jeopardy and did this without a hearing.

The warden may be correct that the Fourth and Sixth Grounds are procedurally defaulted, or alternatively the Double Jeopardy claim may not have been exhausted. However, both grounds lack merit. "[W]here the procedural default issue is 'complicated' and 'is unnecessary to [the] disposition of the case'" "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Mahdi v. Bagley,* 522 F.3d 631, 635 (6th Cir. 2008)(quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir.2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 1523-24, 137 L.Ed.2d 771 (1997)).

Following dismissal of the jury which deliberated the original 21 count indictment the verdict forms were discovered in the jury room which indicated acquittals on Counts 1, 2, 19 ,20 and 21. (See May 11, 2004 Hearing Tr. 7-8, ECF # 14-1). The trial court realized that the jurors should have been polled on what charges that they were able to reach a verdict and convened an *ad hoc* May 11, 2004 hearing where only the jury foreperson was examined. Gau's public defender was present and did not object to this procedure. Gau himself was not present and his counsel believed that he was in Florida at that time. Gau does not dispute these assertions made at this hearing.

At this hearing the foreperson testified that the signatures on the verdict forms left behind in the jury room were tentative so that the verdicts were not final and several of the jurors were

14

considering changing their verdicts.  On May 13, 2004, the trial court declared a mistrial finding that if the jurors had been polled they would not have expressed unanimous agreement. (May 13, 2004 Judgment Entry, Answer Respondent's Ex. 4, ECF # 12-3).

"The purpose of polling the jury is to enable the court and parties to ascertain, with certainty, that each of the jurors approves of the verdict as returned." *United States v. August,* 984 F.2d 705, 711 (6TH Cir. 1992)(citing *United States v. Love*, 597 F.2d 81, 84 (6th Cir.1979)). However, there is no ingrained Constitutional right to polling the jury. See *Cabberiza v. Moore,* 217 F.3d 1329, 1336 -1337 (11th Cir. 2000)(citing *United States v. Miller*, 59 F.3d 417, 419 (3d Cir.1995) (stating that a jury poll is "not of constitutional dimension"); *Jaca Hernandez v. Delgado*, 375 F.2d 584, 585 (1st Cir.1967) (same); *Hatcher v. Jackson*, 853 F.2d 212, 214 (3d Cir.1988)(same)); and see *Madera v. Risley*, 885 F.2d 646, 647-48 (9th Cir.1989) (finding no due process violation when state court did not record certain portions of the trial, including jury poll, and instead reconstructed poll for defendant's appeal). The trial court's declaration of a mistrial following its *ad hoc* reconstruction of the jury poll does not stand in violation of Federal due process. Further, Gau's arguments under his Fourth Ground that the was denied a ruling in his presence has no legal basis.  The trial court's post-hearing ruling was an exercise of its deliberative process and the extent of Gau's counsel's involvement was limited to the hearing. Neither Gau nor his counsel participants in the deliberative process beyond that.  The Fourth Ground is meritless.

Turning to the Sixth Ground, "[a] trial judge properly exercises his discretion to declare a

15

mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error in the trial." *Illinois v. Somerville,* 410 U.S. 458, 464, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973). In such situations there is "manifest necessity" for retrial and Fifth Amendment double jeopardy does not attach. See *Arizona v. Washington*, 434 U.S. 497, 505-506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *United States v. Perez*, 9 Wheat. 579, 580, 6 L.Ed. 165 (1824). "The 'interest in giving the prosecution one complete opportunity to convict those who have violated its laws' justifies treating the jury's inability to reach a verdict as a nonevent that does not bar retrial." *Yeager v. United States,* -U.S.- 129 S.Ct. 2360, 2366, 174 L.Ed.2d 78 (2009)(quoting *Washington*, 434 U.S. at 509, 98 S.Ct. 824). Consequently, Gau's Sixth Ground is also meritless, and contrary to Gau's argument there had been a hearing on this matter of mistrial and its potential consequence of double jeopardy.

### VI. "Carbon-Copy Indictment"- Count Five is Procedurally Defaulted.

> **V.** The Defendant was denied Federal and State due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 10 of the Ohio Constitution when he was convicted on multiple identically worded counts of rape over a 7 year period that were contained in the indictment deprived Defendant of due process right to protect against conviction of multiple counts for same conduct in violation of Double Jeopardy.

The warden correctly argues that this ground has been procedurally defaulted. This issue was presented in an untimely Ohio R. App. P. 26(B) application from which no appeal was taken following its November 8, 2007 dismissal for untimeliness. (Answer, Respondent's Ex. 32-33, ECF # 12-4). In a non-capital matter, failure to file an application to reopen appeal within 90

16

days without good cause to excuse the delay, as required under Ohio R. App. P 26(B)(2)(b), is an adequate and independent state rule for the state courts to deny review and forecloses federal habeas review. See *Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008); *Scuba v. Brigano*, 527 F.3d at 488; *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2001).

Additionally, Gau cannot demonstrate prejudice due to the broad time periods in the indictment. As explained in *Valentine v. Konteh*:

> This Court and numerous others have found that fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements. See *Isaac v. Grider*, 2000 WL 571959 at *5 (four months); *Madden v. Tate*, 1987 WL 44909, at *1-*3 (6th Cir.1987) (six months); see also *Fawcett v. Bablitch*, 962 F.2d 617, 618-19 (7th Cir.1992) (six months); *Hunter v. New Mexico*, 916 F.2d 595, 600 (10th Cir.1990) (three years); *Parks v. Hargett*, 1999 WL 157431, at *4 (10th Cir.1999) (seventeen months). Certainly, prosecutors should be as specific as possible in delineating the dates and times of abuse offenses, but we must acknowledge the reality of situations where young child victims are involved.
>
> *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005).

**VII. Speedy Trial- Ground Eight - Procedurally Defaulted**.

> [**VIII.**] The Appellant was denied his constitutional and statutory right to a speedy trial. The constitutional right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10 Article I of the Ohio Constitution. In addition, Ohio has enacted revised code 2945.71 to 2945.73 which mandate specific time requirements for the State to bring an accused to trial.

Gau's eighth ground is procedurally defaulted as argued by the warden due to its dismissal of the post-conviction petition as *res judicata* as discussed under Section II.

17

*VIII. CONCLUSION AND RECOMMENDATION.*

Following review of the petition and applicable law, petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Further, with respect to *de novo* review, petitioner has not demonstrated that he is in custody as a result of Federal Constitutional error which had a substantial and injurious effect or influence on the jury's verdict. See *O'Neal v. McAnich*, 513 U.S. 432, 438-39, 115 S.Ct. 992, 995-96, 130 L.Ed.2d 947 (1995); *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).  Finally, petitioner has not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence. There has been no demonstrated need for an evidentiary hearing.  It is recommended that the application for habeas corpus be denied.

                      s/James S. Gallas
                     United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).