UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER R. GAU,                          )          CASE NO. 4:09CV2955
                                       )
              PETITIONER,              )          JUDGE SARA LIOI
                                       )
vs.                                    )
                                       )
BERNIE KELLY, WARDEN,                  )          **MEMORANDUM OPINION**
                                       )
                                       )
              RESPONDENT.              )
                                       )

Before the Court is the Report and Recommendation ("R&R") of Magistrate

Judge James S. Gallas recommending that the habeas petition be denied. (Doc. No. 15.)

Petitioner has filed objections to the R&R. (Doc. No. 16.) Respondent filed no response to the

objections. The Court has conducted its *de novo* review of the matters raised in the objections.

Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the objections are rejected, the R&R is

accepted, and this matter is dismissed.

## I. BACKGROUND

Petitioner is a state prisoner serving multiple concurrent life sentences for the rape

of his minor daughter. He was indicted on March 10, 2003 on twenty-one (21) counts of rape as

defined by O.R.C. § 2907.02. (Doc. No. 12-3, Exh. 1.) He entered a plea of not guilty and the

case was tried to a jury. When the jury could not reach a verdict, on May 5, 2004, the trial court

dismissed the jury.

On May 13, 2004, the trial judge issued a Judgment Entry wherein he noted that, after the jury had been dismissed and had left the courthouse,

> it was discovered that the jurors had left notes and the verdict form, partially completed, in the jury room. The court instructed the bailiff to destroy the notes and the verdict form. The court subsequently determined that it erred in destroying the verdict form, and in failing to ascertain with certainty whether the jury had reached a verdict as to any of the 21 counts, before discharging the jury.

(Doc. No. 12-3, Exh. 4, at 13.) The trial court, therefore, conducted a hearing and examined the jury foreperson under oath with respect to the findings of the jury during its deliberations. The foreperson "advised the court that prior to their discharge on May 5, 2004, the jury did reach a verdict on Counts 1, 2, 19, 20 and 21; that all 12 jurors did sign the verdict form, with respect to these 5 counts; and that their finding as to each of these 5 counts was 'Not Guilty.'" (*Id.*) The foreperson further opined "that the verdict was not final as to these 5 counts, and that if the jury had been polled, prior to their discharge, they would not have expressed unanimous agreement on these 5 counts, notwithstanding that they had all signed the verdict form, as to these counts." (*Id.* at 13-14.) Since the trial court concluded that it was "not possible to correct the erroneous decision to dismiss the jury[,]" (*id.* at 14), he declared a mistrial, discharged the jury, and reset the case for a jury trial in September 2004. (*Id.*).

On June 28, 2004, the State moved to amend the indictment from 21 counts of rape to five (5) counts of rape of a victim under the age of thirteen (Counts 1 through 5) and two counts of rape of a minor child (Counts 6 and 7), all charging use of force. Over petitioner's objections, the trial court granted the motion on July 8, 2004. (Doc. No. 12-3, Exh. 6.) The trial court also denied petitioner's motion to dismiss based on speedy trial violations noting that he had filed a time waiver on May 7, 2004. (*Id.*, Exhs. 8, 10.)

2

On August 18, 2005, a jury found petitioner guilty on all seven rape counts (Doc. No. 12-3, Exh. 11) and, on November 3, 2005, the trial court imposed life sentences on each of Counts 1 through 5 and three year sentences on each of Counts 5 and 6, all to be served concurrently. (Doc. No. 12-3, Exh. 12.)

On November 23, 2005, through new counsel, petitioner took a direct appeal to the Eleventh District Court of Appeals raising the following assignments of error:

1.      The defendant was denied federal and state due process under the Fifth and Fourteenth amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he was convicted on evidence that was insufficient as a matter of law to sustain the convictions for the offenses for which he was indicted by the grand jury.

2.      The defendant's convictions were against the manifest weight of the evidence.

3.      The defendant was denied of his constitutional right to effective assistance of counsel when counsel failed to object to an entire series of leading questions.

(Doc. No. 12-3, Exh. 13; Exh. 14, at 46-47.) On December 11, 2006, the court of appeals overruled each assignment of error and affirmed the judgment of the trial court. (Doc. No. 12-3, Exh. 17.)

By letter dated January 24, 2007, petitioner's appellate counsel sent him a copy of the decision of the court of appeals. Petitioner attests that he received it on January 26, 2007. (Doc. No. 12-3, Exh. 19, at 117-18.) This was 46 days after the decision and one day too late to file an appeal. Petitioner attempted to file a delayed appeal to the Ohio Supreme Court without the assistance of counsel. The record shows (1) a Motion for Leave to File a Delayed Appeal "received" stamped at the Ohio Supreme Court both on March 8, 2007 and March 22, 2007 (*id.* at 113), and (2) a Notice of Appeal, with no "received" stamp, but "filed" on March 22, 2007

(*id.*, Exh. 18). On May 2, 2007, the Ohio Supreme Court, without any explanation, denied the motion. (*Id.* at 134.)

On March 1, 2006, while his direct appeal was still pending, petitioner filed a pro se petition for post-conviction relief. He asserted that issues contained in his petition "could not be reasonably expected to be raised by same counsel on appeal." (Doc. No. 12-3, Exh. 21, at 137, ¶ 19.) He raised four claims:

1. When there has been a change to a previous ruling of hung jury to that of a mistrial outside defendant's presence, there has been transgression committed to the Fifth Amendment, Right to due process, and the Sixth Amendment, right to counsel at every critical stage of the proceeding.

2. The Inadmissibility of Dr. Stephen Guertin's report denied documentary evidence exonerating Petitioner, and established ineffective assistance for counsel's failure to exercise the sixth amendment enjoyment to have compulsory process for obtaining witnesses in his favor.

3. The court and the Petitioner's attorney failed to insure the Petitioner an impartial jury.

4. The Petitioner was deprived of his constitutional rights, because of errors made by the trial judge, and was placed in Double Jeopardy.

(Doc. No. 12-3, Exh. 21, passim.) On April 9, 2008, the trial court dismissed the petition, finding that all of the issues could have been raised on direct appeal and there was nothing in the record or supporting materials suggesting substantive grounds for relief. (*Id.*, Exh. 23.)

On August 30, 2007, petitioner filed a pro se delayed application to reopen his appeal in the court of appeals on the basis of ineffective assistance of counsel. He asserted three assignments of error:

1. The defendant was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution when the prosecutor withheld evidence from the defendant and appeal counsel was ineffective for failing to raise the error.

2. The defendant was denied of his constitutional right to effective assistance of counsel when counsel failed to object to an entire series of leading questions (1) and when counsel failed to subpoena witness Dr. Stephen Guertin (2) and when counsel failed to have jurors removed for cause denied the defendant an impartial jury (3) and counsel failed to request a mistrial when the prosecutor withheld evidence and appeal counsel was ineffective for failing to raise the error(s).

3. The defendant was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he was convicted on multiple, identically worded counts of rape over a 7 year period that were contained in indictment deprived defendant of due process right to protect against conviction of multiple counts for same conduct in violation of double jeopardy and appeal counsel was ineffective for failing to raise the error on direct appeal.

(Doc. No. 12-4, Exh. 32.) On November 8, 2007, the court of appeals denied the application as

untimely. (*Id*., Exh. 33.) Petitioner did not appeal this decision to the Ohio Supreme Court.

On May 5, 2008, petitioner filed a pro se appeal raising three assignments of

error:

1. The appellant was denied due process of law under the 14th Amendment to the U.S. Constitution because the inadmissibility of Dr. Stephen Guertin's report denied appellant a fair trial, and established ineffective assistance of trial counsel.

2. The appellant was denied due process of law under the 14th Amendment to the U.S. Constitution when the State prosecutor failed to disclose exculpatory evidence prior to trial.

3. The appellant was denied his constitutional and statutory right to a speedy trial. The Constitutional right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In addition, Ohio has enacted Revised Code 2945.71 to 2945.73 which mandate specific time requirements for the State to bring an accused to trial.

(Doc. No. 12-4, Exhs. 24, 25.) On January 6, 2009, the court of appeals affirmed the judgment of

the trial court, finding that the claims were barred by the doctrine of *res judicata*. (*Id*., Exh. 28.)

Petitioner filed a pro se appeal to the Ohio Supreme Court, raising the same three claims he had raised before the court of appeals. (Doc. No. 12-4, Exhs. 29, 30.) On April 22, 2009, the Ohio Supreme Court denied leave to appeal. (*Id.*, Exh. 31.)

On July 24, 2009, petitioner filed in the trial court a pro se motion for leave to file a motion for new trial, along with the proposed motion. (Doc. No. 12-4, Exhs. 34, 35.) On September 23, 2009, the trial court denied the motion. (Doc. No. 12-5, Exh. 38.)  Petitioner did not appeal this ruling.

On February 3, 2010, he filed another motion for leave to file a motion for new trial and a motion for leave to file a motion for acquittal. (*Id*., Exhs. 39, 40.)  On February 11, 2010, the trial court denied the motions. (*Id*., Exh. 41.) Petitioner appealed that ruling on March 9, 2010. (*Id*., Exh. 42.) The record before this Court does not contain a ruling on that appeal; however, the website of the Eleventh District Court of Appeals reflects a decision posted November 10, 2010 wherein the court of appeals affirmed the trial court's denial of the motions.

On December 19, 2009, petitioner filed the instant petition for writ of habeas corpus raising the eight following grounds for relief:

1.      The defendant was denied federal and state due process of law under the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when we was convicted on evidence that was insufficient as a matter of law to sustain the convictions for the offenses for which he was indicted by the Grand Jury.

2.      The defendant's convictions were against the manifest weight of the evidence.

3.      The defendant was denied of [sic] his constitutional right to effective assistance of counsel [1] when counsel failed to object to an entire series of leading questions, and [2] when counsel failed to subpoena witness Dr. Stephen Guertin, and [3] when counsel failed to have jurors removed for cause denied the defendant an impartial jury and [4] counsel failed to request a mistrial when the prosecutor withheld evidence.

4.      The defendant was denied federal and state due process under the Fifth and Sixth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when there has been a change to a ruling of hung jury to that of a mistrial outside the defendant's and his attorney's presence.

5.      The defendant was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the [Ohio] Constitution when he was convicted on multiple, identically worded counts of rape over a 7 year period that were contained in indictment deprived defendant of due process right to protect against conviction of multiple counts for same conduct in violation of double jeopardy.

6.      The defendant was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when the trial judge dismissed the first trial jury without finding out if they had reached a verdict, then errored by destroying the verdict forms, because the jury had reached a verdict on Counts 1, 2, 19, 20, and 21. The jury found the defendant not guilty and when the trial judge amended the original indictment to seven counts that covered the original twenty-one counts time frame he place the defendant in double jeopardy and did this without a hearing.

7.      The Appellant's was denied due process of law under the 14th Amendment to the U.S. Constitution because the inadmissibility of Dr. Stephen Guertin's report denied appellant a fair trial, and established ineffective assistance of trial counsel.

8.      The Appellant was denied his constitutional and statutory right to a speedy trial. The constitutional right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In addition, Ohio has enacted Revised Code 2945.71 to 2945.73 which mandate specific time requirements for the State to bring an accused to trial.[1]

(Doc. No. 1, at 5-8.) In the petition's Statement of Facts, petitioner also raises a claim that his trial counsel had a conflict of interest because he had earlier represented petitioner's brother in a criminal proceeding.

---

[1] This ground is mistakenly numbered in the petition as ground nine.

## II.  DISCUSSION

**A.      Standard of Review**

Under Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." This *de novo* review requires the Court to apply the provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA") and the cases construing the amendments.

Title 28, Section 2254(d) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained these provisions as follows:

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 412-13.

This Court may not, however, consider "contentions of federal law which are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainright v. Sykes*, 433 U.S. 72, 87 (1977). If a "state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

If a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective assistance claim must itself be presented to the state courts as an independent claim before it may be used to establish cause. *Murray v. Carrier*, 477 U.S. 478, 488-489 (1986). If the ineffective assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

**B.     Analysis of Petitioner's Objections to the R&R**

Petitioner has filed objections to each of the sections of the R&R. The Court will address each objection below.

> **GROUND ONE (denial of due process due to insufficiency of evidence), GROUND TWO (conviction against the manifest weight of evidence), and PART [1] OF GROUND THREE (denial of effective assistance of counsel due to counsel's failure to object to a series of leading questions) (R&R at 4-7)**

9

The R&R concluded that these three grounds are procedurally defaulted because, although they were raised on direct appeal to the Eleventh District Court of Appeals, when that court rejected them, they were not thereafter raised in a timely appeal to the Ohio Supreme Court. The R&R further concluded that petitioner is unable to show cause for the default and actual prejudice.

Petitioner argues that he was unable to timely file an appeal before the Ohio Supreme Court because his counsel failed to notify him of the decision of the court of appeals until the 45-day period for appealing had already expired and because the Ohio Supreme Court rejected his attempt to file a delayed appeal.

In *Smith v. State of Ohio Dept. of Rehab. & Corr.,* 463 F.3d 426 (6th Cir. 2006), a case quite factually similar to the instant case, the defendant argued that his counsel's failure to inform him of an appellate decision in enough time for him to timely file an appeal amounted to ineffective assistance of counsel during a phase of the proceedings (direct appeal) when he was entitled to representation and constituted the requisite cause to overcome his procedural default. The Sixth Circuit agreed that Smith's counsel engaged in "constitutionally deficient performance[,]" *id*. at 435, but further concluded that Smith was unable to show that his counsel's performance resulted in actual prejudice. The court reasoned that, although prejudice is initially presumed in a situation where a defendant's right to appeal is foreclosed because his counsel failed to timely inform him of an appealable decision, the presumption is rebutted "if the period of time between when the defendant learned of the decision and when he or she attempted to appeal the decision is *greater* than the period allotted by state law for the timely filing of an appeal[.]" *Id*.

10

Petitioner relies on *Smith* to make the argument that he has successfully shown cause and prejudice because he attempted to file his delayed appeal within 45 days of learning of the decision of the appellate court.

The record shows that petitioner's appellate counsel wrote him a letter dated January 24, 2007 and included a copy of the appellate court's decision of December 11, 2006. Petitioner received this on January 26, 2007 (a fact taken as true for purposes of this analysis and not challenged by the respondent), too late to file an appeal within the 45-day period allowed by Ohio S. Ct. Prac. R. II, § 2(A)(1)(a). When he attempted to file a motion for delayed appeal, his motion was denied. Although the Ohio Supreme Court did not state a reason for the denial, as in *Smith*, *supra*, "given the type of motion at issue and the circumstances surrounding the decision, it is apparent that the grounds were the state procedural bar and not federal law." *Smith*, 463 F.3d at 431, n.3 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 802-03 (1991)).

Petitioner asserts that he tried to file his delayed appeal on March 8, 2007, forty-one (41) days after learning of the appellate court decision, which entitles him to the presumption set forth in *Smith* that, but for counsel's deficient performance, he would have timely appealed. The R&R, however, points to a factual "confusion" with respect to the date petitioner submitted his motion for leave to file a delayed appeal and his notice of appeal. The documents in the record show two "received" dates (March 8, 2007 and March 22, 2007) stamped by the clerk of the Ohio Supreme Court on the motion for leave to file a delayed appeal, whereas the notice of appeal has only one "filed" date stamp (March 22, 2007). Petitioner argues that he "clearly filed a notice of appeal and motion for delayed appeal on March 8, 2007 in the same envelope." (Objections, at 1.) He asserts that, had that not been the case, it would have been sent back by the clerk. Instead he "guesses" that because the two documents were "stapled together" the clerk

11

only time-stamped one of them, making it appear that the entire document was untimely filed. He argues that it would be prejudice to penalize him for a clerk's failure. He asserts that he has met the requirements of *Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006).

The Court does not accept petitioner's argument. In fact, the R&R more accurately expresses what likely occurred, namely, that petitioner filed the motion for leave to file a delayed appeal on March 8, 2007, but it was incomplete because it needed to be accompanied by a notice of appeal. *See* Ohio S. Ct. Prac. R. II, § 2(a)(4)(a) ("the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal"). It is likely, as evidenced by the *two* "received" stamps on the motion, that the clerk of the Ohio Supreme Court did return the motion to petitioner with instructions as to how to properly file it. It seems, according to the March 22, 2007 "received" stamp, that petitioner re-sent the motion to the clerk *along with* his notice of appeal and both were received and filed on March 22, 2007, fifty-six (56) days after he learned of the appellate court decision.[2] Therefore, any presumption to which petitioner might have been entitled under *Smith* is rebutted since 56 days is greater than the amount of time allotted by state law for the filing of a timely appeal.

Accordingly, petitioner's objections with respect to Grounds One, Ground Two and part [1] of Ground Three are rejected. The R&R's conclusion that these grounds are procedurally defaulted is accepted.

### PART [2] OF GROUND THREE (denial of effective assistance of counsel due to counsel's failure to call Dr. Stephen Guertin as a witness) and GROUND SEVEN (denial of due process due to failure to obtain testimony of Dr. Guertin) (R&R at 7-9)

---

[2] Petitioner's own exhibits, submitted with his objections, prove that this is the process typically followed by the clerk of the Ohio Supreme Court when pro se litigants file non-conforming documents.

The R&R concluded that these two grounds are procedurally defaulted on the basis of *res judicata*. *See State v. Perry*, 10 Ohio St. 2d 175 (1967), Syllabus ¶¶ 7 & 8.[3] In his state post-conviction petition, Gau had raised for the first time a challenge to his counsel's failure to call Dr. Guertin to testify at trial. The state appellate court affirmed the trial court's denial of the petition, concluding that Gau could have raised this claim on direct appeal as part of his ineffective assistance claim, but failed to do so.[4] It is firmly established under Ohio law that failure to raise an available claim on direct appeal constitutes procedural default. *See State v. Cole*, 2 Ohio St. 3d 112 (1982), Syllabus;[5] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). As explained above, although ineffective assistance of counsel may serve as "cause" to excuse a procedural default, that claim itself must not be procedurally defaulted.

Petitioner argues that, at the time he filed his post-conviction petition in the state court, he was not represented by counsel and, therefore, *res judicata* does not apply.[6] Petitioner offers no support for this assertion and the Court rejects it. In fact, the opposite is true. In *State v.*

---

[3] *Perry, supra*, provides:

> ¶ 7. Constitutional issues cannot be considered in postconviction proceedings under Section 2953.21 *et seq.*, Revised Code, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him.

> ¶ 8. The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code."

[4] In addition, the state court concluded that the claim would not survive on the merits because Gau had "failed to submit any affidavits or other evidentiary materials in support of his claim." *State v. Gau*, No. 2008-A-0030, 2008 WL 5428274, at * 4 (Ohio App. 11 Dec. 31, 2008). "It is therefore unknown whether Dr. Guertin would have testified as a witness, what his testimony would have been, and whether he would have also testified to matters that would not have been favorable to appellant." *Id*.

[5] "Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, *res judicata* is a proper basis for dismissing defendant's petition for postconviction relief." 2 Ohio St. 3d at 112, modifying *State v. Hester,* 45 Ohio St.2d 71 (1976).

[6] Petitioner filed his *pro se* post-conviction petition on March 1, 2006, while his direct appeal (wherein he was represented by counsel) was still pending.

13

*Spencer*, No. 92992, 2010 WL 1500886, at * 3 (Ohio App. 8 Apr. 15, 2010), the court noted: "'*Perry*'s reference to representation concerns the criminal trial and appeal, not the postconviction proceeding. A petition for postconviction relief is a civil proceeding. . . . We find no reason to preclude the application of *res judicata* because a petitioner in a civil proceeding without the right to counsel acted *pro se*. [. . .]'" (quoting *State v. Adamson* (Mar. 23, 1995), Cuyahoga App. No. 67187) (first ellipsis in original).

Petitioner also criticizes the clerk of the Ohio Supreme Court, arguing that she is prejudiced against him. As proof, he asserts that the clerk never properly files his documents. Attached to his objections are exhibits which he claims support his assertion of prejudice. However, the only thing the exhibits show is that petitioner has routinely filed documents that do not comply with the rules and the clerk has consistently returned the documents to him along with clear explanations as to how he can cure his non-compliance. The clerk has no authority to modify the filing requirements or deadlines. The burden is on the individual litigant to comply with both.

Upon *de novo* review of petitioner's objections with respect to these grounds, the Court accepts the recommendation of the R&R that these grounds are procedurally defaulted on the basis of *res judicata*.

**PARTS [3] AND [4] OF GROUND THREE (denial of effective assistance of counsel due to failure to assure an impartial jury by removing jurors and for failure to object when the prosecuting attorney withheld evidence) (R&R at 9-11)**

The R&R concluded that these grounds were procedurally defaulted due to failure of petitioner to raise the first on direct appeal and to raise the second in the same form on direct

appeal.[7] To the extent petitioner claims that ineffective assistance of counsel was cause for his

default, the R&R concludes that the ineffectiveness claim was itself procedurally defaulted.

In his objections, petitioner asserts that he did appeal these matters and, further,

that mistakes made by the clerk of the Ohio Supreme Court caused his appeal to be filed late.

As already explained above, the clerk has no authority to file non-conforming

documents and/or to file documents that are not submitted in a timely fashion. It is clear that

petitioner's documents were *not* timely filed in the state court.

Accordingly, the Court rejects petitioner's objection and accepts the R&R's

conclusion that these grounds are procedurally defaulted.

**GROUND FOUR (denial of due process due to ruling changed from hung jury to mistrial) and GROUND SIX (denial of due process for the same reason, plus for permitting an amended indictment) (R&R at 12-15)**

The R&R concludes that both of these grounds, although perhaps procedurally

defaulted as argued by the respondent, do not survive on the merits. The action complained of in

Ground Four, according to the R&R, was merely part of the trial court's deliberative process in

which neither a defendant nor his counsel have any right to participate. As for Ground Six, the

R&R concludes that the trial court properly exercised its discretion by declaring a mistrial, in no

way implicating double jeopardy.

Petitioner's objection is very cursory: "all the members of the jury signed the

verdict forms NOT-GUILTY. Now, to say that was not there [sic] final decision is wrong.

Because, knowone [sic] signs anything before they have made a decision 'RIGHT.'"

(Objections, at 5.)

---

[7] Petitioner raised part [4] as a claim of prosecutorial misconduct.

Rule 72(b)(3) requires *de novo* review by this Court of "any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added). Petitioner's objection does not address the legal reasoning of the R&R and merely states his belief that he was found not guilty. This is not a "proper" objection entitled to *de novo* review. Further, the Court concludes that the respondent is correct that these grounds are procedurally defaulted. Neither ground was raised on direct appeal.

Accordingly, the Court rejects petitioner's objection and accepts the R&R's conclusion that these grounds do not survive on the merits. In addition, the Court concludes that these two grounds are procedurally defaulted.

### GROUND FIVE (double jeopardy due to amended indictment) (R&R at 15-16)

The R&R concludes that this ground is procedurally defaulted because it was raised for the first time in an Ohio App.R. 26(B) application which was denied as untimely and from which no appeal was taken.

Petitioner's entire objection is that his filings were timely. Once again he places blame on alleged prejudice on the part of the Ohio Supreme Court clerk.

The Court rejects petitioner's objection and accepts the R&R's conclusion that this ground is procedurally defaulted.

### GROUND EIGHT [misnumbered as nine in the petition] (denial of right to speedy trial) (R&R at 16)

The R&R concludes that this ground is procedurally defaulted because it was raised for the first time in a post-conviction petition, not on direct appeal.

16

Petitioner objects on the basis that his post-conviction petition was unrepresented and, therefore, in his view, *res judicata* does not apply. As explained above, this is an incorrect view of the law.

Accordingly, petitioner's objection is rejected and the Court accepts the R&R's conclusion that this ground is procedurally defaulted.

**CONFLICT OF INTEREST CLAIM (denial of effective assistance of counsel due to counsel's failure to disclose a conflict of interest caused by his previous representation of petitioner's brother) (R&R at 11-12)**

The R&R locates this additional ground within the facts set forth in support of Ground Three. Although the respondent argued that this was an unexhausted ground, the R&R addresses it on the merits and concludes that petitioner has failed to establish any actual conflict.

Petitioner's objection simply states in a conclusory fashion that his counsel had a conflict of interest due to his prior representation of his brother and that his counsel "worked against [petitioner] and not for [him]." (Objections, at 4.) His only support is Exhibit 9 to the Return of Writ (Doc. No. 12-3, at 33-35), wherein counsel argued for dismissal of the case on speedy trial grounds rather than for the reason that the indictment had been amended. Petitioner asserts that "clearly" this shows his counsel "was not working for the Petitioner [sic] best interests." (Objections, at 4.) He also asserts that counsel waived his right to a speedy trial at the end of the first trial without his knowledge.

The Court concludes that petitioner has failed to establish any conflict of interest on the part of his counsel which led to any constitutional violation. As for any assertion of improper waiver of speedy trial rights by counsel on petitioner's behalf, that assertion is procedurally defaulted, not having been raised before the Ohio courts.

17

Accordingly, the Court rejects petitioner's objection and accepts the R&R's conclusion that this ground is fails on the merits.

### III. CONCLUSION

For the reasons set forth above, having conducted the required *de novo* review, the Court rejects petitioner's objections to the R&R. The R&R is accepted and this case will be dismissed by separate judgment entry.[8]

The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: February 3, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[8] The Court also denies petitioner's motion for appointment of counsel. (Doc. No. 6.)